UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTORIA ZETWICK,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COUNTY OF YOLO; EDWARD G. PRIETO, an individual; and DOES 1 through 50, inclusive,<br><br>　　　　Defendant. | No.   12-CV-02486-TLN-AC<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR ATTORNEY'S FEES** |

This matter is before the Court pursuant to Defendants Yolo County and Edward G. Prieto's (collectively hereinafter referred to as "Defendants") Motion for Attorney's Fees. (ECF No. 34.) Plaintiff Victoria Zetwick ("Plaintiff") opposes Defendants' motion. (ECF No. 37.) The Court has carefully considered the arguments raised by both parties. For the reasons set forth below, Defendants' Motion for Attorney's Fees is DENIED.

**I.　　FACTUAL AND PROCEDURAL BACKGROUND**

The factual background underlying this case is fully outlined in the Court's November 6, 2014, Order granting summary judgment in favor of Defendants, and thus, the Court will not repeat all the facts herein. (ECF No. 26.) Instead, the Court limits its recitation to the procedural background pertinent to the instant order.

On October 3, 2012, Plaintiff filed a complaint against the County of Yolo and Edward

1

Prieto for sex discrimination under Title VII and for sexual harassment and failure to prevent sexual harassment under California Fair Employment and Housing Act ("FEHA").  (ECF No. 1.) On October, 3, 2013, after a full year of discovery, Defendants filed a Motion for Summary Judgement.  (ECF No. 14.)  The Court granted Summary Judgement in favor of Defendants on November 6, 2014.  (ECF No. 26.)  As the prevailing party, Defendants now seek attorney's fees pursuant to 42 U.S.C.  § 2000e-5(k), 42 U.S.C. § 1988, and Cal. Gov. Code § 12965(b).  (ECF No. 34.)  Defendants also seek to make Plaintiff's counsel jointly and severally liable for attorney's fees pursuant to 28 U.S.C. § 1927.

## II.     STANDARD OF LAW

### a.  Title VII Standard

Title VII states in relevant part:

> In any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party… a reasonable attorney's fee (including expert fees) as part of the costs…

42 U.S.C. § 2000e-5.

Under Title VII, a prevailing defendant is treated differently from a prevailing plaintiff and fees are not awarded routinely or simply because defendant succeeds. *Christiansburg Garment Co. v. Equal Empl. Opp. Comm'n*, 434 U.S. 412, 418 (1978).  To be awarded fees, a prevailing defendant must demonstrate "plaintiff's action was frivolous, unreasonable or without foundation, even though not brought in subjective bad faith." *Id*. at 421.  This standard is a "stringent" one. *Hughes v. Rowe*, 449 U.S. 5, 14 (1980).

The Ninth Circuit has recognized repeatedly that attorney's fees in civil rights cases "should only be awarded to a defendant in exceptional circumstances." *Saman v.  Robbins*, 173 F.3d 1150, 1157 (9th Cir. 1999) (quoting *Barry v. Fowler*, 902 F.2d 770, 773 (9th Cir. 1990)); *see also Herb Hallman Chevrolet, Inc. v. Nash-Holmes*, 169 F.3d 636, 645 (9th Cir. 1999); *Brooks v. Cook*, 938 F.2d 1048, 1055 (9th Cir. 1991).  As the Supreme Court explained in *Christiansburg*:

> [I]t is important that a district court resist the understandable temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation.... Even when the law or

> the facts appear questionable or unfavorable at the outset, a party
> may have an entirely reasonable ground for bringing a suit.

*Christiansburg*, 434 U.S. at 421–22.

If the courts were to award a defendant attorney's fees against a plaintiff simply because they did not ultimately prevail, the Congressional effort to promote vigorous enforcement of the anti-discrimination statutes would be deeply undercut. *Bruno's Restaurant*, 13 F.3d at 290 (citing *Christiansburg*, 434 U.S. at 422).

    **b.** California Fair Employment and Housing Act Standard

Section 12965 of the California Government Code states in relevant part:

> In actions brought under [FEHA], the court, in its discretion, may
> award to the prevailing party reasonable attorney's fees and costs,
> including expert witness fees, except where the action is filed by a
> public agency or a public official, acting in an official capacity.

Cal. Gov. Code § 12965(b) (West 2006).

Because the language, purpose, and intent of California and federal anti-discrimination acts are virtually identical, California courts have adopted the methods and principles developed by the federal courts in employment discrimination claims. *Cummings v. Benco Bldg. Servs.*, 11 Cal. App. 4th 1383, 1386 (1992). Therefore, in California, a trial court uses the standards set forth in *Christiansburg* in exercising its discretion to award fees and costs to a prevailing defendant under FEHA. *Id.* at 1387.

**III.   ANALYSIS**

    **a.** Attorney's Fees[1]

Defendants contend that Plaintiff's case lacked merit from its inception. Defendants argue that Plaintiff's case is frivolous, unreasonable, and without foundation and that Plaintiff continued to pursue a meritless case, which ultimately resulted in summary judgement in favor of the Defendants. On these grounds, Defendants argue they are entitled to attorney's fees as the prevailing party. (ECF No. 34.)

---

[1] Because California courts follow the *Christiansburg* analysis for awarding attorney's fees in cases brought under the FEHA the Court addresses Defendants' motion for attorney's fees pursuant to § 2000e-5 and FEHA together. *See Cummings,* 11 Cal. App 4th 1383 at 1386.

1    Under the *Christiansburg* standard, in order to be awarded attorney's fees, a prevailing
2    defendant must establish that the "plaintiff's action was frivolous, unreasonable, or without
3    foundation." *Christiansburg*, 434 U.S. at 421.  This does not, however, require a showing that the
4    plaintiff brought the case in bad faith.  *Id.*  However, a prevailing defendant should only be
5    awarded attorney's fees in "exceptional circumstances." *See Barry,* 902 F.3d at 773.

6    Furthermore, it can be tempting for a court, in applying this standard, to engage in *post
7    hoc* reasoning, "concluding that, because a plaintiff did not ultimately prevail, his action must
8    have been unreasonable or without foundation." *Christiansburg*, 434 U.S. at 421–22; *E.E.O.C. v.
9    Bruno's Restaurant*, 13 F.3d 285, 290 (9th Cir. 1993).[2]  However, the Supreme Court has warned
10   against exactly this temptation as it could discourage "all but the most airtight claims."
11   *Christiansburg*, 434 U.S. at 422.  Instead, the Court's analysis must focus on the plaintiff's
12   reasonable belief at the beginning of litigation.  *Id.* at 288-290; *see also Dixon v. Clem,* Slip
13   Copy, 2006 WL 751235 (E.D.Ky. 2006) (concluding that the court should initially determine
14   whether the plaintiff's claim was reasonable at the time it was asserted).  The court must consider
15   that "[e]ven when the law or facts appear questionable or unfavorable at the outset, a party may
16   have an entirely reasonable ground for bringing suit." *Christiansburg,* 434 U.S. at 422.

17   In this case, the Court finds it is likely Plaintiff had a reasonable belief she had been
18   subjected to sexual harassment and sex discrimination.  In her Complaint, Plaintiff alleged that
19   Defendant Prieto subjected her to unwanted hugs and kisses.  (ECF No. 1 at ¶ 16.)  She further
20   alleged that she was discouraged from reporting the incidents and that Defendant Prieto's actions
21   made it difficult for her to concentrate on her work and made her anxious and upset.  (ECF No. 1
22   at ¶ 19.)  Defendants do not dispute that these actions occurred in some form.  (ECF No. 14-1.)

23   Defendants argue that a "reasonable inquiry into the facts and law surrounding this lawsuit
24   would have revealed that conduct as benign as greeting with a hug or kiss on the cheek is not
25   sufficient to support a claim for hostile work environment."  (ECF No. 38 at 2.)  However, there

---

[2] Defendants rely in part on *E.E.O.C. v. Bruno's Restaurant,* 976 F.2d 521 (9th Cir. 1992); however, this decision was subsequently withdrawn and refiled as *E.E.O.C. v. Bruno's Restaurant,* 13 F.3d 285 (9th Cir. 1993).  Unlike the 1992 decision, the 1993 opinion vacated the district court's award of attorney's fees and remanded for reconsideration.  *Bruno's Restaurant*, 13 F.3d 285.  Defendants' reliance on this case is misplaced.

is no bright line rule establishing what specific conduct is sufficiently "severe or pervasive" to establish a hostile work environment. *Fuller v. City of Oakland*, 47 F.3d 1522, 1527 (9th Cir. 1995). As a result, in the order granting summary judgement for Defendants, the Court stressed that in order to evaluate Defendants' contention that Plaintiff had failed to prove a prima facie case, the Court must look to the totality of the circumstances. (ECF No. 26 at 5.) In doing so, the Court stated that "the parties' briefs demonstrate that many of these legal issues are intertwined with a complicated factual history." (ECF No. 26 at 5.)

While the Court ultimately found that the Plaintiff did not put forth enough evidence to prove the existence of a hostile work environment, the failure to provide sufficient evidence to show a triable issue of fact does not mean that Plaintiff's claims were frivolous, unreasonable, or without foundation. *See Christiansburg,* 434 U.S. 412; *Bruno's Restaurant*, 13 F.3d at 290. To conclude otherwise would be to go directly against the Supreme Court's warning not to engage in *post hoc* reasoning. *Christiansburg*, 434 U.S. at 422. Instead, the Court looks at the facts of the case, and if the Plaintiff could have reasonably believed that her case had merit at the point at which she filed it. *Id*. at 421–22. Considering the lack of a bright line rule in sexual harassment and hostile work environment cases as well as the complicated factual history of the case, Plaintiff's case was not frivolous. Indeed, this seems to be a case where even though the law or facts "appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit." *Christiansburg,* 434 U.S. at 422.

Further, the Court considers Defendants' own actions in the suit in order to determine the propriety of awarding Defendants' attorney's fees. *Surrell v. California Water Service Co.*, 2006 WL 1153758, at *4 (C.D. Cal. 2006) (ruling defendant's failure to file a motion to dismiss and defendant's treatment of the case as having merit is evidence that the case indeed had merit); *Doe v. University of the Pacific,* 2010 WL 5129530, at *6 (E.D. Cal. 2010) (holding that defendant's failure to make informal requests that plaintiff dismiss, failure to file a motion to dismiss, and participation in six months of discovery is evidence that plaintiff's case had merit). Here, Defendants did not make any informal requests that Plaintiff dismiss her suit, nor did Defendants file a motion to dismiss. Instead, Defendants engaged in a full year of discovery with

the Plaintiff before filing their Motion for Summary Judgement.  (ECF No. 14.)  If the Defendants had truly believed that Plaintiff's case was frivolous and Plaintiff was unreasonable from the beginning, they arguably would have made some attempt to have the case dismissed before engaging in the discovery process.  Therefore, Defendants' own actions weigh against an award of attorney's fees.

Attorney's fees are only granted to prevailing defendants in exceptional cases.  *Saman,* 173 F.3d at 1157 (quoting *Barry*, 902 F.2d, at 773).  The Defendants in this case are trying to hold Plaintiff responsible for the cost of attorney's fees for a year of defending a case that Defendants are only now claiming is frivolous.  The Court finds that this case does not rise to the exceptional level required to grant Defendants' attorney's fees.  As discussed above, the Plaintiff's case was not frivolous, meritless, or unreasonable.

        **b.**  Joint and Several Liability

Because the Court has found that awarding Defendants' attorney's fees is not warranted in this case as Plaintiff was not unreasonable in filing the suit, the Court does not need to reach a decision on holding Plaintiff's counsel jointly and severally liable.

**IV.  CONCLUSION**

For the forgoing reasons, Defendants' motion for attorney's fees is DENIED.

Dated:  September 22, 2015

                                              Troy L. Nunley
                                              United States District Judge