UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTORIA ZETWICK,<br><br>        Plaintiff,<br><br>    v.<br><br>COUNTY OF YOLO, and EDWARD G. PRIETO, an individual,<br><br>        Defendants. | No. 2:12-cv-02486-TLN-AC<br><br>**ORDER DENYING DEFENDANTS' OBJECTIONS TO THE FINAL PRETRIAL ORDER** |

    This matter is set for trial on February 5, 2018. The Court held a pretrial conference on November 16, 2017. During the conference, Plaintiff informed the Court and Defendants that three witnesses, Robin Gonzalez, Lance Faille, and Victor Reveles, were not on their currently submitted witness list. Defendant informed the Court that they would object to the witnesses testifying at trial as they were not previously disclosed. The Court declined to rule on whether the witnesses could testify during the conference, but opted to permit Plaintiff to file an updated witness list and include the witnesses in the Final Pretrial Order. The Court issued the Final Pretrial Order (ECF No. 57) on November 29, 2017, which included the names of the three contested witnesses.

    Defendants filed objections to the Final Pretrial Order on December 12, 2017, objecting to the Court inclusion of the three witnesses. (ECF No. 60.) Defendants seek to add Sergeant

Drella Hunter if "the Court is inclined to allow witnesses not previously listed in disclosures to testify." (ECF No. 60 at 1.) The Court has not yet determined whether Robin Gonzlaez, Lance Faille, and Victor Reveles are permitted to testify at trial. Furthermore, Defendants cannot demonstrate the necessary requirements for Sgt. Hunter to testify at trial as outlined in the pretrial order. Defendants neither present evidence demonstrating the witness is for the purpose of rebutting evidence which could not reasonably be anticipated at the Final Pretrial Conference, nor provide information that the witness was discovered after the Final Pretrial Conference. (ECF No. 57 at 8.) As to rebutting evidence, the Defendants were informed of the three additional witnesses at the pretrial conference and thus rebuttal evidence could have been reasonably anticipated at that time. Defendants had an opportunity at the final pretrial conference to add Sgt. Hunter and did not do so. Additionally, Defendants admit Sgt. Hunter was known at the time of the pretrial conference as she provided a declaration in support of Defendants earlier motion for summary judgment. (ECF No. 60 at 2 n.1.) Thus, neither exception applies to Sgt. Hunter.

Defendants have failed to demonstrate good cause for adding Sgt. Drella Hunter as a witness in compliance with the Court's Final Pretrial Order. As the Court informed Defendants at the Pretrial Conference, they may seek to exclude Robin Gonzalez, Lance Faille, and Victor Reveles in a properly filed motion in limine. The Court will not prematurely rule on the decision to allow Plaintiff's witnesses without proper argument. For the reasons stated above, Defendants' objections are hereby DENIED.

IT IS SO ORDERED.

Dated: December 31, 2017

Troy L. Nunley
United States District Judge